IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICKEY GLENN BELLAMY,          )<br>　　　ID # 2078558,                        )<br>　　　　　Petitioner,                    )<br>vs.                                                 )<br>　　　　　　　　　　　　　　　　 )<br>BRYAN COLLIER, Executive Director, )<br>Texas Department of Criminal          )<br>Justice,                                            )<br>　　　　　Respondent,                  ) | No. 3:16-CV-2734-B (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

## I.  BACKGROUND

Rickey Glenn Bellamy (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. He challenges his conviction for failure to register as a sex offender in Cause No. F15-17933 in Criminal District Court No. 3 of Dallas County, Texas. The respondent is Bryan Collier, Executive Director of the Texas Department of Criminal Justice (TDCJ) (Respondent).

**A.    State Court Proceedings**

Petitioner was convicted of aggravated sexual assault of a child in 1986 in Cause No. F86-79974, and was sentenced to seven years' imprisonment. (*See* doc. 13-1 at 3.)[1] He discharged that

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

sentence on May 30, 1994. (*See id.*) He was convicted of failing to register as a sex offender in No. F11-18959 in the 291st Judicial District Court of Dallas County, Texas, and sentenced to three years' imprisonment on January 13, 2012. (*See* doc. 12-6 at 57.)

On November 12, 2015, the State indicted Petitioner for failing to register as a sex offender in violation of Texas Code of Criminal Procedure art. 62.102, (*see* doc. 12-9 at 36), and he pleaded guilty and was sentenced to two years' imprisonment on February 19, 2016, (*see id.* at 48). He did not appeal. (*See* doc. 3 at 3.) Petitioner's state habeas application was signed on May 22, 2016, and received by the court on May 31, 2016. (*See* doc. 12-9 at 4, 14.) On August 24, 2016, it was denied without written order. (*See* doc. 12-7); *see Ex parte Bellamy*, WR-77,061-03 (Tex. Crim. App. Aug. 24, 2016).

B.  **Substantive Claims**

Petitioner's habeas petition, signed on September 23, 2016, raises the following grounds:

(1) The statutory requirement that he register as a sex offender was an ex post facto law;

(2) His right to due process was violated when the Dallas County Sheriff's Department required him to register as a sex offender without an order from the TDCJ Parole Division;

(3) The indictment was defective, because the requirement that he register as a sex offender was an ex post facto law;

(4) He is falsely imprisoned for failure to register as a sex offender.

(*See* doc. 3 at 6-7.) Petitioner seeks to be released from TDCJ, to have his sentences for failing to register in Cause Nos. F15-17933 and F11-18959 be stricken, and to be exonerated. (*See id.* at 7.) Respondent filed a response on December 22, 2016. (*See* doc. 13.)

## II.  APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.

L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court

3

precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; accord *Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III.  JURISDICTION

In addition to challenging his 2016 conviction in No. F15-17933, Petitioner also seeks to set aside his 2012 sentence in No. F11-18959.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

4

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is a jurisdictional prerequisite, and a petitioner must be in custody at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Generally, one satisfies the "in custody" requirement when the sentence for the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). While actual physical detention is not required to meet this custody requirement, there must be some restraint on the liberty of a person. *Jones v. Cunningham*, 371 U.S. 236 (1963). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

TDCJ records show that Petitioner discharged the 2012 sentence in No. F11-18959 on June 23, 2014. (*See* doc. 13-1 at 2.) A federal court lacks subject matter jurisdiction to entertain a § 2254 petition that directly challenges the validity of a conviction for which the sentence has been discharged because the petitioner is not "in custody" for that conviction, "even if the prior conviction was used to enhance the sentences imposed for any subsequent crimes of which [petitioner] is convicted." *Josey v. Thaler*, No. 4:11–CV–0633–A, 2012 WL 195002 at *2 (N.D. Tex. Jan. 23, 2012) (citing *Maleng*, 490 U.S. at 492).

Because Petitioner is not "in custody" for the 2012 conviction in No. F11-18959, any challenge to that conviction should be dismissed for lack of subject matter jurisdiction.

### IV. EXHAUSTION AND PROCEDURAL BAR

Respondent contends that Petitioner's second and third claims regarding the lack of an order

5

from the TDCJ Parole Division and a defective indictment are unexhausted and procedurally barred. (*See* doc. 13 at 4-8.)

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust under § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

In the state habeas application challenging the 2016 conviction, Petitioner raised his claims of an ex post facto law and false imprisonment. (*See* doc. 12-9 at 9, 12.) He did not raise his other federal claims regarding an order from the Parole Division or a defective indictment (*see id*. at 9-12), so those claims are unexhausted.

Notwithstanding the fact that those claims have not been exhausted, they are procedurally barred from federal habeas review. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies, and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. *Id*. In those cases, the federal procedural default doctrine precludes federal habeas corpus review. *Id*.; *see also Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim that would be barred by the Texas abuse-of-the-writ doctrine if

6

raised in a successive state habeas petition, to be procedurally barred).

Here, if Petitioner brought his unexhausted claims in a subsequent state habeas corpus application, the Court of Criminal Appeals would consider those claims to be procedurally defaulted as a successive state habeas application under Article 11.07 § 4 of the Texas Code of Criminal Procedure, so those claims are also procedurally barred from federal habeas review. *See Nobles v. Johnson*, 127 F.3d at 423.

## V.  EX POST FACTO/FALSE IMPRISONMENT

Petitioner contends that the statutory requirement that he register as a sex offender is an ex post facto law because he discharged his sentence for the sexual offense in 1994. He also contends that he is falsely imprisoned for the same reason.

"The Constitution forbids the application of any new punitive measure to a crime already consummated, to the detriment or material disadvantage of the wrongdoer." *Dobbert v. Florida*, 432 U.S. 282, 299 (1977). "To fall within the ex post facto prohibition, a law must be retrospective – that is, 'it must apply to events occurring before its enactment' – and it 'must disadvantage the offender affected by it,' by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441 (1997).

The Texas sex offender registration statutes were initially enacted in 1991. *See King v. McCraw*, 559 F. App'x 278, 279 (5th Cir. 2014). They required a person with a reportable conviction that occurred on or after September 1, 1991, to register as a sex offender. *Reynolds v. State*, 423 S.W.3d 377, 379 (Tex. Crim. App. 2014). In 1997, the statutes were re-codified in Chapter 62 of the Texas Code of Criminal Procedure, and they retroactively applied to reportable convictions that occurred on or after September 1, 1970. *See id.* The 1997 revision included a

7

"savings clause" that restricted the application of the retroactive statutes to people who were confined or under the supervision of TDCJ on or after September 1, 1997. *See id.* For people who were not confined or under TDCJ supervision on or after September 1, 1997, the prior version of the statutes applied, and a person had to register only if he had a reportable conviction on or after September 1, 1991. *See id.* Under the 1997 revision, if a person had a conviction on or after September 1, 1970, but discharged the sentence before September 1, 1997, he had no duty to register. *See id.* The statutes were again revised in 2005, the savings clause was removed, and all persons with a reportable conviction that occurred on or after September 1, 1970, were required to register, regardless of when they discharged their sentence. *See id*. at 379-80, 382.

Here, Petitioner was convicted of aggravated sexual assault of a child in 1986 and discharged his sentence for that conviction in 1994, so the 2005 revision to the sex offender registration statutes applied to him. On state habeas review of his 2016 conviction for failing to register as a sex offender, the state habeas court concluded that the sex offender registration statute is civil and remedial in nature, that it is not punishment for constitutional purposes, and that it was not an ex post facto law under *Smith v. Doe*, 538 U.S. 84 (2003). (*See* doc. 12-9 at 33.)

Sex offender registration statutes are non-punitive, and the retroactive application of the sex offender registration statute does not violate the prohibition against ex post facto laws. *See Smith*, 538 U.S. at 95-96; *King v. McCraw*, 559 F. App'x 278, 281-82 (5th Cir. 2014); *Moore v. Davis*, No. 7:17-CV-100-O, 2018 WL 2164529 at *2 (N.D. Tex. Mar. 30, 2018), *rec. adopted*, 2018 WL 2151595 (N.D. Tex. May 10, 2018). Petitioner has not shown that the state court's rejection of his ex post facto and false imprisonment claims was unreasonable.

## VI.  EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary.  Petitioner has not shown he is entitled to an evidentiary hearing.

## VII.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DISMISSED** for lack of subject matter jurisdiction as to the conviction in No. F11-18959, and **DENIED** with prejudice as to the conviction in No. F15-17933.

**SIGNED this 23rd day of July, 2018**.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE